IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHIQUITA CANDUSS CARTER, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. GJH-21-2762 |
| TIMOTHY PFABE, and GUY PFABE, | * | |
| | * | |
| Defendants. | | |

\*\*\*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Chiquita Canduss Carter of Greenbelt, Maryland alleges in her complaint, which she filed pro se, that she is leasing a property that has led her harassment, emotional distress and mental anguish. She claims the property is unsafe and in disrepair. Plaintiff, however, does not explain whether Timothy Pfabe and Guy Pfabe, for whom Plaintiff provides addresses in Greenbelt, Maryland[1] are her landlords or describe their involvement in the matters at issue. Carter claims she is scared of "Timothy" and her peace order against him was denied. Complaint, ECF No. 1 at 5, 6. Plaintiff is requesting $8,300,00 for emotional distress, mental anguish, unsafe living conditions, "no peace," and discrimination.[2]

Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe

---

[1] Carter also provides her address in Washington, D.C. as well as an address in Fairfax, Virginia for Timothy Pfabe.
[2] Plaintiff provides no facts to support a claim of discrimination.

self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722-723 (4th Cir. 1989).

The court has examined the complaint and finds that it is insufficient and does not comply with federal pleading requirements. Instead of a concise statement of facts as to the underlying cause of action, the complaint is a rambling document filled with conclusions unsupported by allegations of concrete fact. If even after affording the matter a generous construction the court cannot determine the precise nature and jurisdictional basis of the complaint, it would be equally difficult for the defendants to attempt to answer the complaint. It is well-settled that the allegations of the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). Plaintiff has provided no information to conclude that some plausible cause of action has accrued on her behalf.

For these reasons, the Complaint will be dismissed. A separate order follows.

___November 3, 2021_____          _____/s/_____
Date                                GEORGE J. HAZEL
                                    UNITED STATES DISTRICT JUDGE